for there are very few powers which are held, either by courts or others, which may not be abused and perverted. But such an argument is more properly addressed to the legislature than to the courts themselves. Before the passage of the law quoted, the power here exercised did exist, and this statute did not pretend to take it away or abridge it, and the conclusion necessarily follows that it still exists."

We hold that common law strict foreclosure is an available remedy upon proper proof, as is present here, of the factors set forth earlier.

Plaintiff next urges that the court erred in denying plaintiff's motion for the appointment of a receiver *pendente lite* to collect rents or profits from the subject property. Since in this case we have determined that the plaintiff is entitled to a judgment of strict foreclosure immediately upon remand, it is unnecessary to consider this issue.

The decision is reversed with directions to enter an order granting strict foreclosure with a three month period of redemption as provided for in plaintiff's draft copy of a judgment of foreclosure.

Reversed and remanded with directions.

ENGLISH and LORENZ, JJ., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID WILLIAMS, Defendant-Appellant.

(Nos. 56144, 56910 cons.;

First District (1st Division)—July 30, 1973.

Opinion by Mr. JUSTICE GOLDBERG.

Charlotte Adelman, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis and Roger L. Horwitz, Assistant State's Attorneys, of counsel,) for the People.